# IN THE COURT OF APPEALS OF IOWA

No. 21-1215
Filed March 8, 2023

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**SYLVIA EVA CASTILLO,**
    Defendant-Appellant.
_____

    Appeal from the Iowa District Court for Woodbury County, Patrick H. Tott, Judge.

    Sylvia Eva Castillo appeals from a guilty plea. **APPEAL DISMISSED.**

    Michael J. Jacobsma of Jacobsma Law Firm, P.C., Orange City, for appellant.

    Brenna Bird, Attorney General, and Israel Kodiaga, Assistant Attorney General, for appellee.

    Considered by Bower, C.J., Badding, J., and Vogel, S.J.*

    *Senior judge assigned by order pursuant to Iowa Code section 602.9206 (2023).

**BOWER, Chief Judge.**

In August 2021, pursuant to a plea agreement, Sylvia Eva Castillo pleaded guilty to introduction of a controlled substance into a detention facility.[1] Castillo's written plea included the following paragraphs:

> 13. I have been advised and know that I may plead not guilty to said charge(s). Before the court can accept my plea, the court must be satisfied that I understand my constitutional rights. I understand that I am entitled to enter a plea of not guilty and persist in that plea. If I plead not guilty, I would be entitled to:
> a. A speedy and public trial by jury.
> b. A unanimous verdict before I can be found guilty by the jury.
> c. An attorney to represent me at all proceedings; and if the court determined that I could not afford an attorney, one would be appointed to represent me at State expense.
> d. The privilege against self-incrimination; I do not have to testify at my trial, unless I want to, and my refusal to testify could not be commented on by the prosecution nor considered against me by the jury.
> e. The presumption of innocence; at trial I would be presumed innocent until such a time, if ever, as the State established my guilt beyond a reasonable doubt by producing competent evidence.
> f. Confrontation and cross-examination of witnesses on whose testimony the State relies to obtain a conviction.
> g. Calling witnesses in my own behalf and the right to subpoena them (compulsory process) to secure their attendance.
> h. The right to have my case tried to a judge instead of a jury if I choose.
> 14. I understand that if I proceed with my plea of guilty, I have waived all of the above rights with exception of my right to counsel at these or any later proceedings and I will not have a trial.
> . . . .
> 17. I understand that I have no right of appeal of a guilty plea. However, if I allege good cause and/or a defect in this plea proceeding, or improper denial of a motion in arrest of judgment, I

---

[1] Castillo's written guilty plea was originally submitted for filing on August 2, 2021, but was rejected by the clerk of court due to a filing error. But the district court was able to view the document in a "Documents Filed / Not Processed" section of EDMS at the time the plea was accepted. In May 2022, the district court granted a motion to correct the record to add Castillo's written plea to the appellate record.

have [thirty] days to file a written Application for Permission to Appeal and an Application to Authorize a Transcript to be Prepared at State Expense. The appellate courts will determine whether my application is granted or denied or under what conditions it will proceed, if any.

18. I understand that if I determine to appeal the sentence/judgment, a written notice of appeal must be filed within [thirty] days. I further understand that a plea of guilty with an agreed-upon sentence may be subject to the Application for Permission to Appeal requirement procedure mentioned above.

19. I have discussed all possible legal defenses with my attorney, and I know of no legal defense to the charge.

20. KNOWING AND UNDERSTANDING ALL OF MY RIGHTS AND HAVING HAD THEM FULLY EXPLAINED TO ME, I PLEAD GUILTY AS SET OUT ABOVE.

21. I understand that if I wish to challenge this Plea of Guilty, I must do so by filing a Motion in Arrest of Judgment at least five (5) days prior to the court imposing sentence, but no more than [forty-five] days from today's date. I understand that by asking the court to impose sentence immediately that I waive my right to challenge the Plea of Guilty which I have hereby entered.

22. I understand that I have the right to the preparation of a presentence investigation report and a delay of at least [fifteen] days between the date this plea is entered and the date of sentencing. I further understand that if I am sentenced immediately, I lose my right to challenge any defect in this plea or plea proceeding by motion in arrest of judgment and appeal to a higher court. Knowing the above, I request the court to sentence me immediately.

The court accepted Castillo's plea and sentenced her on August 2. Castillo did not file a motion in arrest of judgment or an application for permission to appeal.[2]

---

[2] The court explained in its judgment and sentence:

[I]f you allege good cause and/or a defect in this plea proceeding or improper denial of a motion in arrest of judgment, you have [thirty] days to file a written Application for Permission to Appeal and an Application to Authorize a Transcript to be Prepared at State Expense. The appellate courts will determine whether your application is granted or denied or under what conditions it will proceed, if any.

Castillo appeals, asserting her plea was not made voluntarily, knowingly, and intelligently because her written plea did not adequately advise Castillo of the jury trial rights she was waiving—specifically that she would take part in the selection of twelve jurors drawn from a fair cross-section of the community.

Iowa Code section 814.6 (2021) provides, "Right of appeal is granted the defendant from [a] final judgment of sentence, except in the following cases: . . . A conviction where the defendant has pled guilty.  This subparagraph does not apply . . . in a case where the defendant establishes good cause."  The statute does not define good cause, but our supreme court has explained it is a "legally sufficient reason," the determination of which is context-specific.  *State v. Tucker*, 959 N.W.2d 140, 153 (Iowa 2021).  As the defendant who pled guilty, Castillo "bears the burden of establishing good cause to pursue an appeal of her conviction based on a guilty plea."  *State v. Damme*, 944 N.W.2d 98, 104 (Iowa 2020) (finding good cause exists to challenge a sentencing error arising after the court has accepted a guilty plea).

The supreme court has declined to expand the concept of good cause to include claims "that a plea is not intelligently or voluntarily made."  *Tucker*, 959 N.W.2d at 153.  Instead, the *Tucker* court held, "A legally sufficient reason to appeal as a matter of right is a reason that, at minimum, would allow a court to provide some relief on direct appeal."  *Id.*  Because failure to file a motion in arrest of judgment precludes appellate relief, we cannot provide Castillo relief on direct appeal.  *See id.*

"[T]hose who plead guilty have acknowledged their guilt and waived their constitutional rights so the need for appellate review is not necessary in the same

way as it is after trial." *State v. Treptow*, 960 N.W.2d 98, 105 (Iowa 2021). Castillo's guilty plea clearly laid out the rights she was waiving as part of her guilty plea, the need for a motion in arrest of judgment or application for permission to appeal, and the effect of her written plea and immediate sentencing on her right of appeal. Castillo did not file a motion in arrest of judgment or application for permission to appeal, she has not established good cause to pursue her appeal as a matter of right, and we dismiss the appeal. *See Tucker*, 959 N.W.2d at 154.

**APPEAL DISMISSED.**